-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CHARLES OLAWALE SIWOKU, 26906632,

        Petitioner,

        -v-

ALBERTO GONZALEZ, Attorney General,
MICHAEL CHERTOFF, Secretary of Department of
Homeland Security,,

        Respondent.

05-CV-0723Sr

MEMORANDUM and ORDER

---

Petitioner Charles Olawale Siwoku, who is currently detained at the Buffalo Federal Detention Facility pursuant to a final order of removal entered during removal proceedings completed in Dallas, Texas, has filed a petition pursuant to 28 U.S.C. § 2241 seeking a stay of his removal. Petitioner states that he currently has a petition for review of the final order of removal pending in the Fifth Circuit Court of Appeals, and wants a stay of his removal pending disposition of that petition for review. (Docket No. 1). As set forth below, because this Court lacks jurisdiction over any challenge to a final order of removal, and because petitioner has a petition for review of the final order of removal pending in the Fifth Circuit, this Court has no jurisdiction over the petitioner's request for a stay of removal and will therefore transfer this petition for a stay of removal to the Fifth Circuit Court of Appeals.

On May 11, 2005, Congress enacted the Real ID Act, which became effective that same day. REAL ID Act of 2005, Pub. L. No. 109-13, § 106(b), 119 Stat. 231 (2005). Specifically, section 106(a)(1)(B), amends § 242(a) of the Immigration and

Nationality Act of 1952 ("INA"), as amended, 8 U.S.C. § 1252 (2000), and adds the following jurisdictional provision:

> (5) Exclusive Means of Review – Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals[1] in accordance with this section shall be the sole and exclusive means of judicial review of an order of removal entered or issued under any provision of this Act . . . .

REAL ID Act, § 106(a)(1)(B)(5), as amended 8 U.S.C. § 1252(a)(5).

The Court finds that since it has no jurisdiction to review the final order of removal, INA, § 242(a), 8 U.S.C. § 1252(a)(5), and because a review of petitioner's request for a stay of removal would involve a review of the final order of removal, this Court has no jurisdiction to review petitioner's request for a stay of the order of removal. See *Vieyra-Arrez v. Gonzales*, No. C05-730-RSL-JPD, 2005 WL 1657071, (W.D.Wash., June 15, 2005) ("Once a petition for review is filed, however, exclusive jurisdiction to issue a stay rests with the court of appeals. Because petitioner has already filed a petition for review, this Court is without jurisdiction to further stay his removal."). Since the petitioner's immigration proceedings were completed in Dallas, Texas, which is within the Fifth Circuit, see INA, § 242(b)(2), as amended, 8 U.S.C. § 1252(b)(2), and there is currently pending in the Fifth Circuit Court of Appeals a petition for review of the final order of removal, this Court hereby transfers this petition for a stay of removal to the Fifth Circuit Court of

---

[1] The "appropriate court of appeals" is "the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." INA, § 242(b)(2), 8 U.S.C. § 1252(b)(2).

Appeals. See 28 U.S.C. § 1631. Petitioner's request to proceed *in forma pauperis* has been left to the Fifth Circuit Court of Appeals.

SO ORDERED.

DATED:   Buffalo, New York

October 19, 2005

_____
JOHN T. ELFVIN

UNITED STATES DISTRICT JUDGE